ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 28 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1 09-CV-2661 |
| NUNEZ, INC., d/b/a LA PANTERA ROSA GWINNETT, LA PANTERA ROSA MARIETTA, and CALUA GRILL, | : | WSD |
| | : | JURY TRIAL DEMAND |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Laura Rosas ("Rosas"), Ariana Sanchez ("Sanchez"), Patricia Martinez ("Martinez"), Elizabeth Vargas ("Vargas"), Guillermina Vicente ("Vicente"), hereinafter collectively known as ("the victims"), who were adversely affected by such practices. The Plaintiff alleges that while employed with Nuñez, Inc., d/b/a La Pantera Rosa Gwinnett ("La Pantera Gwinnett"), La Pantera Rosa Marietta ("La Pantera Marietta") and Calua Grill ("Calua"), the victims, Rosas, Sanchez,

Martinez, Vargas, and Vicente were repeatedly subjected to sexual harassment by the owner/managers Alfonzo Nuñez ("Alfonzo") and Luis Nuñez ("Luis"). The victims repeatedly complained and opposed the harassment, however the owners and managers ignored such complaints and, as a result, a hostile work environment was perpetuated in violation of Title VII. The victims' employment was made so intolerable that they were constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant ("Nuñez, Inc., d/b/a La Pantera Rosa Gwinnett, La Pantera Rosa Marietta and Calua Grill"), has continuously been a corporation doing business in the State of Georgia and the cities of Duluth, Tucker and Marietta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2007, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente to:

3

(a) repeated acts of verbal and physical harassment which resulted in a hostile environment based on sex; and

(b) constructively discharging Laura Rosas, Ariana Sanchez, Patricia Martinez, and Guillermina Vicente from their employment with Defendant because of the sexually hostile workplace.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente of equal employment opportunities and, otherwise, adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente.

11. Rosas began working for Defendant as a waitress at La Pantera Gwinnett in January 2008. She was later transferred to Calua Grill in July 2008.

12. Alfonzo Nuñez, a male owner/manager, began harassing Rosas in April of 2008, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

13. Rosas was repeatedly subjected to crude, unwelcome comments of a sexual nature.

14. Rosas was also subjected to physical harassment on several occasions, including being forced to perform sexual acts with Alfonso Nuñez and forced to perform an erotic dance in front of co-workers and club customers.

15. Because the owner/manager was sexually harassing her, Rosas did not know to whom she could report the harassment.

16. Rosas resigned from her employment with Defendant on or about August 2008, after she was subjected to more unwelcome physical contact of a sexual nature.

17. Sanchez began working for Defendant as a waitress at La Pantera Gwinnett in January 2008. She was later transferred to Calua Grill in May 2008.

18. Luis Nuñez, a male owner/manager, began harassing Sanchez in February of 2008, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

19. Alfonso Nuñez, a male owner/manager, began harassing Sanchez on or about June of 2008, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

20. Sanchez was repeatedly subjected to crude, unwelcome comments of a sexual nature.

21. Sanchez was also subjected to physical harassment on several occasions, including being forced to perform sexual acts with both Luis Nuñez and Alfonso Nuñez and forced to perform an erotic dance in front of co-workers and club customers.

22. Because the owner/managers were sexually harassing her, Sanchez did not know to whom she could report the harassment.

23. Sanchez resigned from her employment with Defendant on or about August 2008, after she was subjected to more unwelcome physical contact of a sexual nature.

24. Martinez began working for Defendant as a waitress at La Pantera Gwinnett in August 2007.

25. Luis Nuñez, a male owner/manager, began harassing Martinez in August of 2007 based on sex, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

26. Alfonso Nuñez, a male owner/manager, began harassing Martinez on or about January of 2008 based on sex, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

27. Martinez was repeatedly subjected to crude, unwelcome comments of a sexual nature.

28. Martinez was also subjected to physical harassment on several occasions, including being forced to perform sexual acts with Alfonso Nuñez.

29. Because the owner/managers were sexually harassing her, Martinez did not know to whom she could report the harassment.

30. Martinez resigned from her employment with Defendant on or about August 2008, after she was subjected to more unwelcome physical contact of a sexual nature.

31. Vargas began working for Defendant as a Bartender at La Pantera Gwinnett in August 2007. She was later transferred to Calua Grill in May 2008.

32. Alfonso Nuñez, a male owner/manager, began verbally harassing Vargas based on sex in September of 2007, and continued verbally harassing her for several months in person or by phone.

33. Luis Nuñez, a male owner/manager, began harassing Vargas based on sex on or about October of 2007, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about August 2008.

34. Vargas was repeatedly subjected to crude, unwelcome comments of a sexual nature.

35. Vargas was also subjected to physical harassment on several occasions, including being groped in a private area on her body by Luis Nuñez.

36. Because the owner/managers were sexually harassing her, Vargas did not know to whom she could report the harassment.

37. Vargas was constructively discharged in May 2008, or in the alternative, subjected to *quid pro quo* harassment when she was terminated for opposing unlawful sexual harassment.

38. Vicente began working for Defendant as a waitress at La Pantera Gwinnett in August 2007.

39. Vicente requested a leave of absence to travel to Mexico for the Christmas holiday from Alfonso Nuñez, a male owner/manager. Alfonso agreed to hold her job for her if she would have sex with him. Vicente refused.

40. Vicente began working a second time for Defendant as a waitress at Calua Grill in January 2008.

41. Luis Nuñez, a male owner/manager, began harassing Vicente based on sex in or about January of 2008, and continued physically and verbally harassing her on almost a daily basis until she resigned on or about June 2008.

42. Vicente was repeatedly subjected to crude, unwelcome comments of a sexual nature.

43. Vicente was also subjected to physical harassment on several occasions, including being forced to perform sexual acts with Luis Nuñez and being forced to remove her shirt and engage in inappropriate touching with another victim while Luis Nuñez watched.

44. Because the owner/managers were sexually harassing her, Vicente did not know to whom she could report the harassment.

45. Vicente resigned from her employment with Defendant on or about May 2008, after she was subjected to more unwelcome physical contact of a sexual nature.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment against employees, creating intolerable working conditions the effect of which forces employees to resign their employment, and engaging in any other employment practice which discriminates on the basis of sex.

B. Order Defendant Nuñez Inc., d/b/a La Pantera Rosa Gwinnett, La Pantera Rosa Marietta and Calua Grill, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Nuñez Inc., d/b/a La Pantera Rosa Gwinnett, La Pantera Rosa Marietta and Calua Grill, to make whole Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant Nuñez Inc., d/b/a La Pantera Rosa Gwinnett, La Pantera Rosa Marietta and Calua Grill, to make whole Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Nuñez Inc., d/b/a La Pantera Rosa Gwinnett, La Pantera Rosa Marietta and Calua Grill, to pay to Laura Rosas, Ariana Sanchez, Patricia Martinez, Elizabeth Vargas, and Guillermina Vicente punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/28/2009
Date

ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No.: 076206

VINCENT HILL
Trial Attorney
Georgia Bar No.: 354723

U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905